Two-sided document

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

Indianapolis Division

FILED

09/01/2021

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

KEVIN JOHNSON,                                        Plaintiff,

v.            Case No. 1:21-CV-00201-JMS-DML

JOHN PURDUE, et al.,                              Defendants.

REPLY TO DEFENDANTS' RESPONSE TO

MOTION FOR INTERVENTION AND FOR

HEARING

Plaintiff pro se notifies the Court of the following in response to Defendants' Response to Motion for Intervention and For Hearing:

1.    Plaintiff's Motion for Intervention and Hearing and related attempted filings seeks not to allow plaintiff to intervene into his own lawsuit, he is and always has been a party ~~xxxxxxxxxxxxxxxxxxxxxxxx~~, rather it seeks the court's intervention to protect his ability to pursue his claims and prosecute this case, including under 18 U.S.C. § 401(1) and its inherent contempt powers, to redress misbehaviors committed by defendants, defense counsel and others so near to this court as to obstruct the administration of justice.

2.    Those misbehaviors include having deprived plaintiff of all his legal and personal property, including his file of this case and all his work product, evidentiary materials, research notes and other materials related to this case and which he

— 1 —

needs to pursue this case. Defendant Robert Carter ~~and the counsel~~ did this by refusing to allow plaintiff to take any of his property with him when he was trans-ferred to Ohio Department of Rehabilitation and Corrections (ODRC) on July 12, 2021, and has since withheld all that property from plaintiff.

3 -   As Carter and the other defendant Dushan Zatecky and counsel admit in their August 16, 2021 Response to Motion for Intervention and For Hearing ("Defendants' Response"), at ¶ 5, they shipped all of that property to Virginia, where it continues to be withheld from plaintiff. It should be noted that counsel misrepresents material information to the Court to hide the fact that defendants had long before August 16, 2021 gotten rid of plaintiff's property with the obvious intent of obstructing his ability to pursue this case. Counsel claims at ¶ 5 that plaintiff's property had not yet been shipped as of August 16th, yet ~~in~~ an invoice of the shipping transaction which counsel filed in a separate case shows defendants had already shipped it to Virginia on August 11, 2021. see Exhibit A (shipping date in upper right corner). ~~shipping date in upper right~~ ~~counsel~~ Also counsel fabricates a conversation with some ODRC entity that plaintiff was pending an imminent transfer out of the ODRC. because of some unspecified "conduct." No such transfer occurred; in fact only 2 days later and after defense counsel was assured that all of plaintiff's property was shipped beyond his reach to Virginia, counsel filed a supplement to

Two-sided document

Defendants' Response stating he now had no idea what Virginia or Ohio's future location plans for plaintiff are. [1] Plaintiff has no hope of accessing his property and being able to exercise his rights as a pro se litigant without this court's redress.

4.      Plaintiff was compelled to have an outside person
for him
file a motion in this case who has no litigation
based upon suggestions of court staff
experience, because on top of being denied all of his
          ^
property, ODRC officials were obstructing his efforts to make filings himself by denying him writing supplies and postage, intercepting his attempts to mail notices of his address change and motion to this court, which he discovered by talking to the pro se clerk Jennifer, on several occasions, and her confirming that his mailings weren't being received. She suggested in aid
                                       else
of plaintiff that he "have someone submit" his filing
                              ^                    ^
for him
attempts, and that she'd see if she could herself update
       ^
the court on plaintiff's new address in Ohio.

5.      Plaintiff has also not received a copy of any filings made in this case since his objection to Notice, viz DK 50, filed on July 8, 2021, because Indiana Dept. of Corrections (IDOC) officials have not been forwarding
                                    since his transfer,
any of his mail to ODRC for him. Based on counsel's
                              ^
indicating that plaintiff's Motion for Intervention is DK 59, plaintiff is missing all docket entries from number 51 through 58. He has never received nor seen these docket entries (51-58).

-3-

6. Defense counsel contended in ¶5 of Defendants' Response that a hearing on these matters would be futile since plaintiff was seeking return of his needed property and he was being reunited with it upon the claimed imminent transfer. Counsel then filed a supplemental response denying any such transfer was to happen and denying knowing of future placement plans for plaintiff. By counsel's own argument the need for a hearing is no longer futile.

7. While counsel denies having knowledge of plaintiff's transfer to ODRC, he demonstrably was involved in having plaintiff's property held for over a month and then shipped to Virginia upon a false pretext that plaintiff would immediately follow it, where plaintiff has no means of accessing it now as counsel claims not to know what if any future plans exist for plaintiff's relocation.

8. This court is plaintiff's only option for accessing his legal property needed to pursue this case.

Plaintiff swears to the truth of the facts above under penalty of perjury.

## BRIEF IN SUPPORT

This court has jurisdiction to provide plaintiff assistance under its contempt powers. This power to punish for contemptuous misbehavior is inherent. Marcus v. Penn Trust Co., 23 F. 2d 303 (3d Cir.

Two-sided document

1926). It also has statutory power to proceed in contempt against misbehavior committed so near the court as to obstruct the administration of justice. See 18 U.S.C. § 401(1), which action may be taken against government officials. Nelson v. Steiner, 279 F.2d 944 (7th cir. 1960); Lord v Kelley, 240 F. Supp. 167 (D. Mass. 1965).

This power is not limited by distance, indeed the "so near" requirement brings all acts of misbehavior within the power of a court whose natural tendency is in effect to interfere with the administration of justice, wherever that act is committed. The test of required nearness depends solely upon the effect of the act on the administration of justice, and if obstructive of it, it will have been committed near enough the presence of the court to come within the meaning of the Act; locality is important only as reflects upon whether misbehavior is or is not obstructive. See, U.S. v. Huff, 206 F. 700 (D. 1913); Accord, In re Brule, 71 F. 943 (D. Nev. 1895); McCann v. New York Stock Exchange, 80 F.2d 211 (2d cir. 1935).

Whether misbehavior obstructs the administration of justice depends on the character of the act done and its direct tendency to impede, embarrass, delay or obstruct administration thereof. Keeney v. U.S., 17 F.2d 976 (7th cir. 1927); Francis v. Virgin Islands, 11 F.2d 860 (3d cir) cert den.,

- 5 -

273 U. S. 693 (1926).

Obstructing the performance of participants in litigation is contempt of this character. In re Adams, 421 F. Supp. 1077 (E. D. Mich. 1976).

Courts may initiate contempt proceedings ~~on the~~ on their own motion. U. S. v. Columbia Broadcasting System, Inc., 497 F. 2d 107 (5th Cir. 1974); or upon service on respondent of pleadings therefor. U. S. v. Bukowski, 435 F. 2d 1094 (7th Cir. 1970).

The actions of defense counsel, defendants, and OPOC and Virginia officials clearly constitute mis- behavior so near this court as to obstruct justice - viz the withholding of his needed legal property related to this case, denied writing supplies, shipping to and how ~~illegible~~ holding in Virginia all his needed property, refusing to forward him mail related to filings herein, etc.

THEREFORE, this court should issue a rule nisi or summon plaintiff, counsel, defendants, OPRC director Annette- Chambers - Smith (4545 Fisher Rd., Columbus, OH 43228, Virginia Department of Corrections director ~~illegible~~ Harold Clarke (6900 Atmore Dr., Richmond, VA 23225), for a hearing and require these contemnors to show cause why they should not be held in contempt, and this court should order the return of plaintiff's property needed to pursue this case and take such further action to protect him from

- 6 -

Two-sided document

future obstructions to his pursuit of this action and compensate him for his injuries and costs incurred in pursuit of seeking redress hereof. This court should also have him provided copies of Docket entries 51 through 58 and allow him to respond to any of those filings as appropriate. This court should also enter default judgments against defendants Carter and Zatecky for their contemptuous misbehavior.

Respectfully submitted,

Plaintiff pro se

Reply to: Kevin Johnson, No. A787991

SOCF

P.O. Box 45699

Lucasville, OH 45699

## CERTIFICATE

I hereby certify having mailed a true copy of this document to by having it placed into care of custodial officials for mailing postage prepaid on this 25th day of August 2021 to:

1. Clerk, U.S. District Court, 46 E. Ohio St. Indianapolis, IN 46204
2. Defense counsels
3. Annette Chambers-Smith, Director, ODRC

-7-

4545 Fisher Rd., columbus, OH 43228

4.   Harold Clarke, Director, Virginia Department
     of Corrections, 6900 Atmore Dr., Richmond,
     VA 23225.

_____

Plaintiff pro se

_____

1.   Counsel now has nothing to say about plaintiff's
property which they admittedly sent to another state
where it is being withheld. They can clearly have it
returned directly to plaintiff or shipped back ~~in~~ to
Indiana and sent from their to ODRC.

-8-