UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00201-JMS-MG |
| ) | |
| MARTIN PURDUE, et al. ) | |
| ) | |
| Defendants. ) | |

**Order Granting Motion Concerning Orders, Denying Motion for Intervention and Hearing as Moot, Extending Deadlines, and Directing Service on Defendant Purdue**

In his motion concerning orders, plaintiff Kevin Johnson addresses the Court's order that he notify the Court if he had received his legal materials, order to provide further information regarding the identity of defendant John Purdue, who has not yet been served, and the order setting pretrial schedule.

## I. Legal Materials

Mr. Johnson alleged in his motion for intervention and for hearing that when he was transferred from the custody of the Indiana Department of Correction ("IDOC") to the Ohio Department of Rehabilitation and Correction, his legal property was not transported with him. Dkt. 59. The defendants responded stating that Mr. Johnson's property was sent to Virginia because the IDOC had been informed that Mr. Johnson would be transferred there. Dkt. 60, 62. After Mr. Johnson was transported to Virginia, the Court directed him to notify the Court whether he had received his property. Dkt. 70. In his notice and motion concerning orders, Mr. Johnson reports that he does now have access to his property, but he was required to dispose of a substantial amount of it. Dkt. 78. Because Mr. Johnson has received his property, his motion for intervention and for hearing, dkt. [59], is **denied as moot**.

## II. Service on Defendant John Purdue

The Court also directed Mr. Johnson to provide further information regarding the identity of defendant John Purdue, who had not yet been served, so that the Court can effect service on this defendant. Dkt. 72. Mr. Johnson now reports that this defendant's name is Martin D. Purdue. Dkt. 78. Accordingly, the clerk will be directed to serve Martin Purdue.

## III. Pretrial Schedule

Finally, Mr. Johnson states that he only recently received the Order Setting Pretrial Schedule. He therefore asks for extensions of the deadlines in that Order. That request is granted as provided below.

## IV. Conclusion

Mr. Johnson's motion concerning orders, dkt. [78], is **granted** consistent with the following:

Mr. Johnson's motion for intervention and hearing, dkt. [59], is **denied as moot**.

Next, Mr. Johnson's request for an extension of time is **granted** consistent with the following:

Mr. Johnson shall have **through December 22, 2021**, to provide initial disclosures as provided in Paragraph A of the Order Setting Pretrial Schedule;

Mr. Johnson shall have **through January 20, 2022**, to serve a settlement demand as provided in Paragraph C;

The parties shall have **through February 25, 2022**, to complete discovery, as provided in Paragraph F; and

The parties shall have **through March 25, 2022**, to file dispositive motions, as provided in Paragraph G.

If Mr. Johnson wishes to request the extension of any other deadline, he may file a motion identifying the specific deadline for which he seeks an extension.

Mr. Johnson's request for a copy of docket 51 is **denied** because that docket entry is simply a copy of an envelope sent to him and returned undelivered.

Finally, the **clerk shall amend the docket** to reflect defendant John Purdue is named Martin Purdue. The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Purdue in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], the Order of April 22, 2021, dkt. [20], applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

Further, **a copy of this Order and the process documents shall also be served on Wexford, LLC electronically**. Wexford is ORDERED to provide the full name and last known home address of any defendant who does not waive service if they have such information. This information may be provided to the Court informally or may be filed *ex parte*. Further, to help expedite service on this defendant, **counsel for the State Defendants is requested** to report whether there is any current or former State employee named Martin Purdue and provide an address at which he can be served. This filing may be made *ex parte*.

**IT IS SO ORDERED.**

Date: 11/29/2021

Mario Garcia
United States Magistrate Judge
Southern District of Indiana

Distribution:

KEVIN JOHNSON
1007485
Nottoway Correctional Center
2892 Schutt Rd.
Burkesville, VA 23922

Martin Purdue
MEDICAL EMPLOYEE
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
PO Box 1111
Carlisle, IN 47838

Electronic Service to Wexford of Indiana, LLC

All Electronically Registered Counsel