# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:21-cv-201-JMS-MG |
| | ) | |
| JOHN PURDUE, *et. al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## STATE DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE JUDGMENT

Comes now the State Defendants, former commissioner Robert Carter and Warden Dushan Zatecky, by counsel, for their Response in Opposition to Plaintiff's Motion to Vacate Judgment, and request the Court deny the same.

## PROCEDURAL HISTORY

On April 14, 2022, State Defendants filed their Motion for Summary Judgment, Memorandum, and Notice, and served a copy to Plaintiff's address on the docket. [Dkt. 94-96]. The Motion for Summary Judgment and related filings were not returned as undeliverable. Plaintiff filed a Notice of Change of Address on October 17, 2022. [Dkt. 114]. On October 24, 2022, Plaintiff filed a Notice to the Court, stating that he had not received a copy of either Defendants' Motion for Summary Judgment. [Dkt. 115]. Accordingly, on January 19, 2023, this Court denied State Defendants' Motion for Summary Judgment without prejudice, granting them leave to re-file the Motion by February 2, 2023, and granting Plaintiff 28 days from the date of service to respond. [Dkt. 121]. Plaintiff admits that he received this Order. [Dkt. 134 at ¶ 2]. State Defendants re-filed their Motion for Summary Judgment on January 31, 2023, and served it on that date to the

address in the Distribution list of the Court's Order. [Dkt. 121, 126-128]. The Motion for Summary Judgment and related filings were not returned as undeliverable.

Plaintiff did not respond to Medical Defendants' Motion for Summary Judgment, nor did he submit any other filings to the Court, or send any correspondence to undersigned counsel. On June 22, 2023, this Court granted State Defendants' Motion for Summary Judgment. [Dkt. 129]. On July 10, 2022, within 18 days of the Court's Order on the Motions for Summary Judgment, Plaintiff filed his Motion for Contempt Proceedings and Court Intervention [Dkt. 132], as well as his Motion to Vacate Order and Judgment Granting Defendants' Summary Judgment Motions and Dismissing this Action [Dkt. 134].

**ARGUMENT**

This Court should deny Plaintiff's Motion to Vacate Order and Judgment. If his motion is construed as a Federal Rule of Civil Procedure 59(e) motion, he fails to meet his burden. Plaintiff has demonstrated that he is able to receive Orders and send mail from his current institution, and was aware of the Defendants' new deadline to re-file their motions for summary judgment. Lastly, Defendants would be prejudiced if Plaintiff were granted a third opportunity to respond.

"Federal Rule of Civil Procedure 59(e) allows a litigant to file a motion to alter or amend a district court's judgment", enabling a district court to "'rectify its own mistakes in the period immediately following' its decision, but not to address new arguments or evidence that the moving party could have raised before the decision." *Banister v. Davis*, 140 S. Ct. 1698, 1700 (2020) (internal citations omitted). Relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

To prevail on a Fed. R. Civ. P. 59(e) motion, the movant must clearly show "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded

2

entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.,* 733 F.3d 761, 770 (7th Cir. 2013). A "manifest error" means the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000). "[A] Rule 59 motion is not a forum to relitigate losing arguments". *Ohr ex rel. Nat'l Lab. Rels. Bd. v. Latino Exp., Inc.,* 776 F.3d 469, 478 (7th Cir. 2015).

Plaintiff's Motion does not request reconsideration based on any newly discovered evidence; therefore, he must establish this Court committed a manifest error in law or fact in rendering judgment in favor of Defendants. *Edgewood Manor,* 733 F.3d at 770. Plaintiff has not established, nor argued, a manifest error in law. Plaintiff's Motion to Vacate rests on his claims that he did not receive any summary judgment motion and that he should be afforded a fair and full opportunity to review and respond to it. [Dkt. 134].

However, Plaintiff has demonstrated that he is able to receive mail at his current institution, evidenced by his admission that he received two Court orders. He has also demonstrated his ability to send mail, as evidenced by his Notice of Change of Address and his recent flurry of filings. Plaintiff does not explain why he is able to receive certain forms of legal mail, but not others. Also, Plaintiff acknowledges he received the Court Order setting the new deadline for Defendants to re-file their summary judgment motions. [Dkt. 134 at ¶ 2]. This Order set the new deadline for parties to file their summary judgment motions to be February 2, 2023. [Dkt. 121]. This date came and went, and Plaintiff did not file anything with the Court until the recent order granting summary judgment in Defendants' favor. Plaintiff has had a fair and full opportunity to review and respond to State Defendants' Summary Judgment Motion.

Lastly, State Defendants will be prejudiced if Plaintiff were granted a third opportunity to respond. State Defendants have complied with this Court's Orders and have served Plaintiff two

3

copies of their Motion for Summary Judgment at two separate facilities. This case has been pending since January of 2021, and State Defendants first filed for summary judgment on April 14, 2022. Further extensions without good cause, after this Court has made a decision on the merits, will only serve to prejudice Defendants and waste judicial resources. State Defendants should not be subjected to further litigation due to Plaintiff's failure to litigate his case.

## CONCLUSION

State Defendants, former commissioner Robert Carter and Warden Dushan Zatecky, respectfully request the Court deny Plaintiff's Motion to Vacate Order and Judgment.

Respectfully Submitted,

THEORDORE E. ROKITA
Attorney General of Indiana
Attorney No.: 18857-49

Date: July 31, 2023  By:  */s/ Erica L. Sawyer*
Erica L. Sawyer
Deputy Attorney General
Attorney No. 35243-49

OFFICE OF ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 232-6286
Fax: (317) 232-7979
Email: Erica.Sawyer@atg.in.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that on July 31, 2023, I mailed, by United States Postal Service, first-class postage prepaid, the document to the following non CM/ECF participants:

Kevin Johnson
DOC 1007485
Va DOC Central Mail Distribution Center
3521 Woods Way
State Farm, VA 23160

Erica L. Sawyer
Deputy Attorney General