UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:21-cv-00201-JMS-MG |
| MARTIN PURDUE, et al., | ) |
| Defendants. | ) |

**Order Denying Motion to Vacate**

Plaintiff Kevin Johnson's claims in this case are that he received inadequate mental health and dental care while he was confined at Wabash Valley Correctional Facility. The defendants initially moved for summary judgment in April and May of 2022. When Mr. Johnson did not respond to those motions, the Court noted that Mr. Johnson had filed a notice indicating that he had not received the defendants' summary judgment materials. The Court therefore directed the defendants to re-file their summary judgment motions and gave them a deadline to do so. The Court further directed Mr. Johnson to file a motion with the Court if he wished to ask the Court to take any particular action in the case. Dkt. 121. The defendants refiled their motions on January 19 and January 31, 2023. Dkt. 122, 126. Five months passed with no filing from Mr. Johnson and the Court then granted the motions for summary judgment on June 22, 2023. Dkt. 129.

Mr. Johnson then filed a motion to vacate on July 17, 2023, within 28 days of the date judgment was entered in this action. It is therefore treated as a motion to amend judgment pursuant to Rule 59 of the *Federal Rules of Civil Procedure.* Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–06 (7th Cir. 2016) (internal

citations omitted). A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois,* 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted). "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

In support of his motion to vacate, Mr. Johnson contends that he never received the defendants' summary judgment motions, and this is why he did not respond to them. Dkt. 134. But he admits that he did receive the Court's order denying the previous motions for summary judgment and providing the defendants a deadline to re-submit their motions. Thus, while Mr. Johnson states that he did not receive the defendants' filings, he had notice that they should be filed promptly and that he should file a motion if he needed the Court to take a requested action, such as sending him a docket sheet or directing re-service of the summary judgment motions. But he did nothing to ensure he had received everything that had been filed. Moreover, Mr. Johnson's motion to vacate identifies no error of law or fact in the Court's ruling.

Because Mr. Johnson has identified no error in the Court's order granting the defendants' motions for summary judgment, his motion to vacate, dkt. [134], is **DENIED**.

**IT IS SO ORDERED.**

Date: 10/2/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KEVIN JOHNSON
1007485
Va DOC Central Mail Distribution Center
3521 Woods Way
State Farm, VA 23160

Douglass R. Bitner
Stoll Keenon Ogden PLLC
doug.bitner@skofirm.com

Erica Lee Sawyer
INDIANA ATTORNEY GENERAL
Erica.Sawyer@atg.in.gov